UNION SPECIAL SEWING MACH. CO. v. AMERICAN RAVELLER CO. et al.

(Circuit Court, S. D. New York. December 29, 1902.)

1. PATENTS—INVENTION—TRIMMER FOR SEWING MACHINES.
   The Dewees patent, No. 309,699, for a trimming attachment for sewing machines, construed, and *held* valid as showing patentable invention.

In Equity. Suit for infringement of letters patent No. 309,699, for a trimming attachment for sewing machines, granted December 23, 1884, to J. W. Dewees. On final hearing.

C. L. Sturtevant and Joseph C. Fraley, for complainant.
John R. Bennett, for defendants.

COXE, Circuit Judge. This is an equity action founded on letters patent, No. 309,699, granted to J. W. Dewees, December 23, 1884, for a trimming attachment for sewing machines; being an improvement upon the device shown in a previous patent to Dewees, No. 266,783, dated October 31, 1882. The trimmer of the prior patent did not operate satisfactorily when thick heavy goods were being trimmed. Such fabrics would pucker in front of the toggle jaws causing them to sever, or cut the cloth in a curved irregular line. The object of the invention in suit was to provide an attachment which would feed the material, whether thick or thin, regularly and in a straight line. This is accomplished by providing the movable jaws of a trimming attachment with serrations, whereby the jaws will operate to feed forward and sever the material. The serrations, or teeth, take hold of the cloth, on the downward motion of the upper jaw, and feed it forward simultaneously with the severing action. They also prevent the cloth from turning under the jaw thereby preserving it and severing it in a straight line. The claim is as follows:

"What I claim as my invention is as follows: In a fabric-trimming device, the combination, with a movable severing device, blunt upon its periphery and

provided with teeth upon its edges, of a similarly blunt-edged device adapted to work against the other, substantially as described."

The patent expired pendente lite. At the argument the complainant's title was admitted, the defense of prior use was withdrawn and infringement was conceded. The only defense argued was the lack of patentability. The device in question is a simple but ingenious improvement upon a meritorious· and popular sewing machine attachment. The earlier structure would not operate successfully on heavy and thick knit fabrics used for undershirts and drawers. The difficulties·encountered in this respect were remedied in the device of the patent by the simple expedient of placing a series of teeth on the side edges of one of the blunt toggle jaws, leaving them, in all other respects, to operate as before. The prior art shows teeth on the top of feeding devices, but such structures would not avail in the Dewees attachment where the blunt jaws, having smooth and not serrated faces, rock together and pinch off, rather than cut off, the fabric. The distinguishing feature of the invention was the arrangement of the notches on the vertical edge rather than on the face of the cutter. This feature was new with Dewees, nothing like it is found in the prior art and it accomplished the desired result. By its use the Dewees attachment was for the first time made to operate successfully on thick fabrics. It is thought that to do this required an exercise of the inventive faculties. The skilled artisan would have proceeded along different lines. The idea which,,in all probability, would have first occurred to·him would be to roughen the face of the lower jaw or cut notches therein, but he would soon have discovered that if this were done the value of the jaw as an abraiding and severing device would be destroyed. He would then have sought a solution by attaching to the device some of the rotary or reciprocating feeding mechanisms of the prior art, and, finding this a complicated and expensive, if not an impossible, task to accomplish he would have given up the problem as insolvable. The step taken by Dewees was by no means obvious; it was, on the contrary, ingenious· and unusual and produced an unexpected result. Even now it is difficult to explain why notches on the side edge of the severing jaw will operate to feed thick and heavy material to the cutters with such uniformity and precision. The improvement made the trimming attachment of the earlier patent applicable to an entirely new industry; it went immediately into use and was acquiesced in by all until the defendants began infringing about a year before the patent expired. The contrivance of the patent, simple though it be, was a valuable contribution to the knitting art and, even if there were doubt on the subject of patentability, it is peculiarly a case where the doubt should be resolved in favor of the inventor.

The complainant is entitled to a decree for an accounting.